# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATON SAMPSON GEORGE,<br><br>                             Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | Case No.: 92-cr-00396-H<br>               16-cv-01624-H<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE; AND**<br><br>**[Doc. No. 160 in 92-cr-396.]**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

On June 23, 2016, Petitioner/Defendant Johnaton Sampson George, represented by counsel, filed in the United States District Court for the Southern District of California a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence by a person

in federal custody.[1]  (Doc. No. 160.)  On February 3, 2017, the Court took the matter under submission.  (Doc. No. 167.)  On March 21, 2017, the Government filed a response in opposition to Defendant's motion.  (Doc. No. 170.)  To date, Defendant has not filed a reply.  For the reasons discussed below, the Court denies Defendant's § 2255 motion.

## Background

On October 15, 1992, a grand jury returned a second superseding indictment charging Defendant with: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) in Counts 1 and 3; and (2) escape from custody in violation of 18 U.S.C. § 751(a) in Count 2.  (Doc. No. 33; Doc. No. 171-1, Ex. 1.)  Defendant proceeded to trial.  (Doc. No. 69, 76, 80-82.)  On June 11, 1993, a jury found Defendant guilty of Count 1, being a felon in possession of a firearm, and the Court found Defendant guilty of Count 2, escape from custody.  (Doc. Nos. 69, 83; Doc. No. 160, Ex. A.)  Count 3 was subsequently dismissed without prejudice.  (Doc. No. 160, Ex. A.)

On September 24, 1993, the Court sentenced Defendant to life in prison for Count 1, felon in possession of a firearm, with a concurrent sentence of sixty months for Count 2, escape from custody.  (Doc. No. 117; Doc. No. 160, Ex. A; Doc. No. 171-2, Ex. 2 at 75-76; Doc. No. 171-3, Ex. 3.)  At sentencing, the Court determined that Defendant was subject to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), on the basis of his prior convictions for four violent felonies: specifically, a 1975 conviction for robbery, two 1977 convictions for rape, and a 1977 conviction for first degree burglary.  (Doc. No. 160, Ex. A; Doc. No. 171-2, Ex. 2 at 30-36; Doc. No. 171-3, Ex. 3 at 10-12, 15-19.)  Defendant appealed his conviction and sentence.  (Doc. No. 120.)

On June 2, 1995, the Ninth Circuit Court of Appeals affirmed Defendant's conviction but reversed his sentence and remanded for resentencing.  United States v. George, 56 F.3d 1078, 1087 (9th Cir. 1995).  Although the Ninth Circuit reversed

---

[1] The Court takes judicial notice that the Defendant is subject to a state death penalty sentence currently pending automatic appeal before the California Supreme Court.  See People v. Johnaton Sampson George, Cal. Case No. S047868.

Defendant's sentence, the Ninth Circuit specifically rejected Defendant's challenge to the Court's application of the ACCA at sentencing and held that Defendant was properly "subject to sentencing under the ACCA." Id. at 1085 ("As an initial matter, this court finds no merit in George's argument that the ACCA, as codified at 18 U.S.C. § 924(e)(1), is unconstitutionally vague as applied to him. The four predicate convictions relied on by the district court in sentencing George stemmed from offenses that occurred at different times and on different dates, in three separate locations, and involving three separate victims. He was thus subject to sentencing under the ACCA.").

On November 1, 1996, the Court resentenced Defendant to life in prison for Count 1, felon in possession of a firearm, with a concurrent sentence of sixty months for Count 2, escape from custody.[2] (Doc. No. 171-5, Ex. 5 at 15.) At resentencing, the Court again determined that Defendant was subject to sentencing under the ACCA. (Id. at 2-3.) Defendant again appealed, and his sentence was affirmed by the Ninth Circuit on October 15, 1997. United States v. George, 127 F.3d 1107, 1997 WL 659799, at *1 (9th Cir. 1997).

On June 23, 2016, Defendant filed the present motion pursuant to 28 U.S.C. § 2255 to vacate and correct his federal prison sentence. (Doc. No. 160.) In the motion, Defendant argues that his sentence should be vacated because under the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his prior convictions no longer qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B) and, therefore, he should not have been subjected to sentencing under the ACCA. (Id. at 1-2, 5-17.)

---

[2] Defendant did not attend the resentencing hearing. On appeal, the Ninth Circuit summarized the facts related to this as follows:

> At the resentencing hearing at San Quentin prison, a correctional officer testified he had personally informed the defendant of the sentencing hearing and that all of the requisite parties, including the judge, were in the boardroom at San Quentin. The defendant twice refused to attend. The court then started the hearing, but stopped again a short time later to give a correctional officer a third opportunity to check with the defendant and see if he wished to attend. The sergeant reported back that the defendant again refused."

United States v. George, 127 F.3d 1107, 1997 WL 659799, at *1 (9th Cir. 1997).

**Discussion**

**I.      Legal Standards**

A sentencing court may "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on a constitutional or jurisdictional error, "'a fundamental defect which inherently results in a complete miscarriage of justice,'" or a proceeding "'inconsistent with the rudimentary demands of fair procedure.'" United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). A district court may deny a § 2255 motion without holding an evidentiary hearing if "the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief." United States v. Rodriguez-Vega, 797 F.3d 781, 792 (9th Cir. 2015); see 28 U.S.C. § 2255(b); United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's [§ 2255] motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

**II.     Analysis**

In Johnson, the Supreme Court considered the constitutionality of the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). See Johnson, 135 S. Ct. at 2555. "Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined" by 18 U.S.C. § 924(e)(2)(B). Id. 18 U.S.C. § 924(e)(2)(B) provides:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise

> involves conduct that presents a serious potential risk of physical injury to another[.]

Under § 924(e)(2)(B)(ii)'s residual clause, the ACCA defined the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); accord Johnson, 135 S. Ct. at 2555–56. The Supreme Court held the provision void for vagueness, and, therefore, also held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). Subsequently, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review."

Nevertheless, Johnson provides no relief to Defendant because the record conclusively shows that, in this case, the Court did not impose an increased sentence under the residual clause of the ACCA. A review of the record in this case shows that the Court expressly relied on the force clause of the ACCA at sentencing in determining that Defendant's prior convictions qualified as violent felonies under the ACCA.[3] (See Doc.

---

[3] The Court specifically notes that both the transcript from Defendants' sentencing hearing and the Court's Order and Memorandum Decision Regarding Sentencing of Defendant only expressly references the force clause of the ACCA. (See Doc. No. 171-2, Ex. 2 at 30-36; Doc. No. 171-3, Ex. 3 at 10-11, 15-19.) Neither the transcript nor the order makes express reference to the residual clause. (See id.) In addition, the Court at the sentencing hearing and in its sentencing order cited to the Ninth Circuit's decision in United States v. Potter, 895 F.2d 1231, 1236-37 (9th Cir. 1990), which contains an analysis of California Penal Code § 261(2) under the ACCA's force clause and an analysis of California Penal Code § 460 under the ACCA's enumerated offenses clause. (Doc. No. 171-2, Ex. 2 at 30-33; Doc. No. 171-3, Ex. 3 at 16-17.)

The Court notes that at sentencing, it also cited to the Ninth Circuit's decision in United States v. Becker, 919 F.2d 568 (9th Cir. 1990). (Doc. No. 171-2, Ex. 2 at 33; Doc. No. 171-3, Ex. 3 at 16-17.)

No. 171-2 at 30-36; Doc. No. 171-3 at 10-11, 15-19.) In Johnson, the Supreme Court explained that its "decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563; see also United States v. Jenkins, 849 F.3d 390, 393 (7th Cir. 2017), cert. denied, No. 16-9166, 2017 WL 2189105 (U.S. June 19, 2017) ("There is no question as to the constitutionality of the Force Clause."); In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016) ("The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated clause of the ACCA's definition of a violent felony."). Thus, Johnson is inapplicable to Defendant's sentence, and Defendant has failed to show that he is entitled to relief. See United States v. Ruiz-Diaz, 668 F. App'x 289, 290 (9th Cir. 2016) (Because the enhancement was not predicated on a residual clause like the one struck down in Johnson, there is no arguable issue as to whether Ruiz–Diaz's sentence is illegal."); Smith v. United States, 671 F. App'x 523 (9th Cir. 2016) ("'[B]ecause the record shows that petitioner's sentence was not enhanced by the residual clause of the Armed Career Criminal Act, Johnson does not apply.'"); In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016) ("Federal prisoners who were sentenced under the elements or enumerated clauses, without regard to the residual clause at all, of course, do not fall within the new substantive rule in Johnson and thus do not make a prima facie claim involving this new rule."); United States v. Wilfong, No. 16-6342, 2017 WL 1032571, at *3 (10th Cir. Mar. 17, 2017), holding affirmed on reh'g, No. 16-6342, 2017 WL 1371299 (10th Cir. Apr. 14, 2017) ("[W]e agree

---

The Ninth Circuit's decision in Becker references the residual clause of the ACCA in analyzing whether California Penal Code § 460 qualifies as a violent felony under the ACCA. See 919 F.2d at 571. But even assuming that by citing to Becker, the Court was relying on the residual clause of ACCA at sentencing, any such error was harmless. A defendant may be sentenced under the ACCA "if he has three or more previous convictions for a 'violent felony.'" Johnson, 135 S. Ct. at 2555. At sentencing, the Court expressly determined that Defendants' two prior convictions for rape and his prior conviction for robbery qualified as violent felonies under the ACCA's force clause. (See Doc. No. 171-2, Ex. 2 at 30-34; Doc. No. 171-3, Ex. 3 at 16-18.) Thus, Defendant would still have been subject to sentencing under the ACCA in light of those three convictions for violent felonies even if the Court had determined that Defendant's burglary conviction did not qualify as a violent felony under the ACCA.

with the district court that Johnson is not implicated because the sentencing court concluded that [defendant]'s § 844(e) conviction is a violent felony under the elements clause, not the residual clause. . . . Thus, Johnson does not afford [defendant] the relief he seeks."); see also, e.g., Stanley v. United States, 827 F.3d 562, 565 (7th Cir. 2016); Holt v. United States, 843 F.3d 720, 723 (7th Cir. 2016); United States v. Villella, No. CR 06-06, 2017 WL 1519548, at *5-6 (W.D. Pa. Apr. 27, 2017); Kane v. United States, No. 1:16-CV-00146-MR, 2016 WL 7404720, at *3 (W.D.N.C. Dec. 21, 2016). Accordingly, the Court denies Defendant's § 2255 motion.

## III. Certificate of Appealability

An appeal cannot be taken from the district court's denial of a § 2255 motion unless a certificate of appealability is issued. See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A certificate of appealability may issue only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied the claims in a § 2255 motion on the merits, a defendant satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Defendant's claims debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons above, the Court denies Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In addition, the Court denies Defendant a certificate of appealability.

**IT IS SO ORDERED.**

DATED: June 27, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT